IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-1540-WJM-SKC

AMAZING LASH FRANCHISE, LLC,

    Plaintiff,

v.

FATEMA SAYED,
MORTAZA SAYED, and
AMZLASH LLC,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND TAKING UNDER ADVISEMENT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

    Before the Court is Plaintiff Amazing Lash Franchise, LLC's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") (ECF No. 2), which requests a temporary restraining order ("TRO") and preliminary injunction ("PI") against Fatima Sayed, Mortaza Sayed, and AMZLASH LLC (collectively, "Defendants").

    The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is sometimes issued when the opposing party has actual notice of the motion. *See* 11A Charles Alan Wright et al., Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party"). However, given the need for a harm so

urgent and irreparable that a decision must be made before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief. *See* Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

Plaintiff represents that it has conferred with and provided notice to Defendants' counsel regarding the Motion. (ECF No. 2 at 2.) Here, although Defendants' counsel has not entered an appearance in this action, the Motion demonstrates that Defendants' counsel is aware of the dispute and Plaintiff's intent to seek the injunctive relief requested in the Motion. Therefore, this is not the appropriate Rule 65(b) case requiring immediate *ex parte* relief. On this basis, the Court will deny the portion of the Motion requesting a TRO and direct an expedited briefing schedule on the portion of the Motion requesting a preliminary injunction. *See Engility Corp. v. Daniels*, 2016 WL 8358509, at *2 (D. Colo. Oct. 25, 2016).

For the reasons set forth above, the Court ORDERS:

1. Plaintiff's Motion (ECF No. 2) is DENIED to the extent it seeks a TRO;
2. That portion of Plaintiff's Motion requesting a PI remains under advisement;
3. Plaintiff shall send or deliver a copy of the Complaint (ECF No. 1), the Motion (ECF No. 2), and this Order, to counsel for Defendants by any means (including multiple means, if appropriate) reasonably calculated to reach counsel for Defendants by **June 9, 2021 at 12:00 p.m**. **Mountain Daylight Time.** Plaintiff shall file a Certificate of Service confirming its compliance with this directive by no later than this same date and time;
4. Defendants shall respond to that portion of the Motion requesting a PI by no later than **June 14, 2021 at 12:00 p.m. Mountain Daylight Time.** If Defendants have

not been provided actual notice of Plaintiff's filings and a copy of this Order by **June 9, 2021**, Defendants may seek an extension of this filing deadline;

5. Plaintiff shall file a reply in further support of that portion of the Motion requesting a PI by no later than **June 16, 2021**; and

6. Upon receipt of Plaintiff's reply brief, the Court will consider whether an evidentiary hearing and/or oral argument are necessary.

Dated this 8th day of June, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge