**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 21-cv-1540-WJM-SKC

AMAZING LASH FRANCHISE, LLC,

 Plaintiff,

v.

FATEMA SAYED,
MORTAZA SAYED, and
AMZLASH LLC,

 Defendants.

---

**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

---

 Before the Court is Defendants Fatema Sayed, Mortaza Sayed, and AMZLASH LLC's (collectively, "Defendants") Motion for Attorneys' Fees and Costs ("Motion"), in which Defendants ask the Court to award them $27,645 in attorneys' fees and $7.50 in costs against Plaintiff Amazing Lash Franchise, LLC.  (ECF No. 16 at 1, 6.)  The Court presumes familiarity with the procedural and factual background of this action, which will not be repeated here.

 Defendants argue that the Court should award attorneys' fees and costs because they were successful in enforcing the arbitration provision contained in their Franchise Agreement, which provides:

> [t]he prevailing party in any arbitration or litigation arising out of or relating to this Agreement shall be entitled to recover from the other party all damages, costs and expenses, including filing costs and reasonable attorney's fees, incurred by the prevailing party in successfully enforcing any provision of this Agreement.

(ECF No. 16 at 4 (quoting ECF No. 1-1 at 46).)

According to Defendants, "Plaintiff was well aware of the existence of the broad arbitration provision [in the Franchise Agreement] and elected to ignore it anyway, which forced Defendants to needlessly incur significant additional expenses in defending against a federal action in an out-of-state forum."  (*Id*.)  Defendants further argue that Plaintiff failed to make any meaningful effort to confer prior to seeking injunctive relief and that "Plaintiff's purposeful actions and tactical decisions cannot be disregarded, even in light of the Notice of Voluntary Dismissal it ultimately filed with the Court."  (*Id*.; ECF No. 18 at 2.)

The Court has fully considered all of the parties' arguments regarding Defendants' request for attorneys' fees and costs.  (ECF Nos. 16, 17, 18, 21.) Ultimately, the Court finds that Defendants have failed to establish that they are the prevailing party in this action.  In making this determination, the Court notes that Plaintiff voluntarily dismissed this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) *before* the Court adjudicated whether the parties' dispute was subject to arbitration.  (ECF No. 14.)  As the Tenth Circuit has recognized, "[v]oluntary dismissal of an action ordinarily does not create a prevailing party because in order to create a prevailing party there must be a 'judicially sanctioned change in the legal relationship of the parties.'"  *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1215 (10th Cir. 2010) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001)).  Given Plaintiff's early voluntary dismissal of this action,

there was no judicially sanctioned change in the parties' legal relationship.[1]

Moreover, the record on the merits and the materiality of Plaintiff's purported abuse of the judicial process is woefully undeveloped, and as such, does not paint a persuasive picture for awarding fees.  Accordingly, the Court denies Defendants' request for attorneys' fees and costs.

For the reasons set forth above, the Court ORDERS that Defendants' Motion for Attorneys' Fees and Costs (ECF No. 16) is DENIED.

Dated this 30th day of December, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] Likewise, the fact that the Court denied that portion of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction which sought a temporary restraining order does not render Defendants the prevailing party because the Court's denial was not based on the merits of this action.  *See Lorillard Tobacco Co.*, 611 F.3d at 1215 ("If a plaintiff who is granted a non-merits-based injunction cannot be a prevailing party, it logically and ineluctably follows that a defendant who defeats an injunction cannot be a prevailing party if the denial similarly is based on non-merits grounds." (internal citations omitted)).

3